**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARAMARK EDUCATIONAL SERVICES, LLC<br><br>Plaintiff<br><br>v.<br><br>CAROLINA UNIVERSITY<br><br>Defendant | **Case No.** |

# COMPLAINT

Plaintiff Aramark Educational Services, LLC ("**Plaintiff**" or "**Aramark**") files this Complaint against Defendant Carolina University ("**Defendant**" or "**Carolina University**").

## I. INTRODUCTION

1. This is a breach of contract matter.

2. Aramark is the nation's leading food services and facilities services provider across numerous business lines.

3. Carolina University is a private university, which was formerly known as Piedmont International University ("**Piedmont**").

4. Aramark and Piedmont entered into the Food Services Management Agreement (the "**Agreement**") in June of 2019. Piedmont subsequently changed its name to Carolina University. By amendment to the Agreement dated April 1, 2021, the parties agreed that all references to "Client" or "Piedmont International University" in the Agreement would be changed to "Carolina University." For purposes of this Complaint and ease of reference, Aramark refers only to Carolina University as a party to the Agreement.

5. Pursuant to the Agreement, Aramark provided goods and services to Carolina University.

6. Carolina University accepted Aramark's goods and services without complaint. However, Carolina University did not pay Aramark's invoices when they came due.

7. As of the date of this filing, Carolina University owes $2,292,882.09 to Aramark, plus continuing interest, attorney's fees, and costs.

8. Aramark therefore initiates this action to collect upon the debt it is owed by Carolina University.

## II. THE PARTIES

9. Aramark is a limited liability company organized under the laws of the state of Delaware. Aramark's principal place of business is located at 2400 Market Street, Philadelphia, PA 19103. None of Aramark's members are citizens of the state of North Carolina.

10. Carolina University is a corporation organized under the laws of the state of North Carolina with its principal place of business located at 420 South Broad Street, Winston-Salem, NC 27101.

## III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

12. This Court has personal jurisdiction over Carolina University because Carolina University conducted business in Pennsylvania when it entered into the Food Services Management Agreement with Aramark, a company headquartered in Pennsylvania, and this lawsuit is based upon that agreement.

13. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because it is a judicial district in which the Food Services Management Agreement was negotiated and accepted.

## IV. FACTUAL BACKGROUND

14. Aramark and Carolina University, which was known at the tie as Piedmont, entered the Agreement in June of 2019. The Agreement stated that Aramark would provide meals to Carolina University, including a la carte items and non-alcoholic beverages, for Carolina University to resell to its students, faculty, staff, and guests on its campus. A copy of the Agreement is attached as Exhibit 1.[1]

15. Pursuant to the Agreement, Aramark invoiced Carolina University within twenty (20) days of the end of each Accounting Period for the amount due pursuant to the Agreement's financial terms. Exhibit 1 at § 14(B).

16. The Agreement defined the daily rates that Aramark charged for meals resold to students participating in Carolina University's Board Plan as well as for meals sold to Carolina University's students, faculty, staff, and guests a la carte. *Id.* at § 14(B), 14(C).

17. The Agreement also defined the applicable payment terms for Aramark's invoices to Carolina University, specifically stating the following:

> **Payment Terms.** All invoices submitted by Aramark to Client shall be paid within 10 days of the invoice date. In the event invoices are not paid within twenty-five (25) days of the invoice date, interest shall be charged on each invoice at One Hundred Twenty-Five Percent (125%) of the Prime Rate per annum or One Percent (1%) per Accounting Period, whichever is greater, on the unpaid balance (or in the event local law prohibits the charging of such rate, interest shall be charged at the maximum legal rate permitted), computed from the invoice date until the date paid.
>
> The right of Aramark to charge interest for late payment shall not be construed as a waiver of Aramark's right to receive payment of

[1] A copy of the April 1, 2021 amendment documenting Carolina University's name change is attached as Exhibit 2.

> invoices within ten (10) days of the invoice date. In the event that Aramark incurs legal expense in enforcing its right to receive timely payment of invoices, Client agrees to pay reasonable attorney's fees and other costs.

*Id.* at § 14(C).

18. The last payment that Carolina University made to Aramark was on or about September 26, 2025.

19. On or about March 6, 2026, Carolina University's chief financial officer acknowledged the debt in an email to Aramark and promised to pay. No payments have been received since September 26, 2025.

20. Carolina University's outstanding indebtedness is in the amount of $2,292,882.09 (the "**Outstanding Balance**"). A ledger reflecting Carolina University's indebtedness is attached hereto as Exhibit 3.

21. The indebtedness of Carolina University to Aramark arises from approximately 100 unpaid invoices (the "**Unpaid Invoices**").

22. After being presented with the Outstanding Balance and a request for payment, Archinya Ingram, Carolina University's Chief Financial Officer, stated that "[a]s reflected in our previous communications, we continue to recognize the outstanding obligation and remain committed to addressing it." A copy of the September 15, 2026 email in which Ms. Ingram made this statement is attached as Exhibit 4.

23. Despite Aramark's repeated demands and Ms. Ingram's acknowledgment of the debt owed by Carolina University, Carolina University failed to make any further payments to Aramark; consequently, Aramark had no option other than to file this lawsuit to recover the Outstanding Balance.

**COUNT I**
**Breach of Contract**

24. Aramark incorporates all preceding allegations.

25. Aramark and Carolina University are parties to the Agreement.

26. The Agreement constitutes a valid contract between Aramark and Carolina University.

27. Aramark provided dining services to Carolina University pursuant to the Agreement and billed Carolina University accordingly.

28. The Outstanding Balance owed by Carolina University to Aramark is $2,292,882.09.

29. Carolina University has breached the Agreement by failing to timely pay Aramark for the Unpaid Invoices.

30. Carolina University has acknowledged that it owes payment to Aramark for the Unpaid Invoices.

31. The Agreement states that "[i]n the event that Aramark incurs legal expense in enforcing its right to receive timely payment of invoices, [Carolina University] agrees to pay reasonable attorney's fees and other costs." Exhibit 1 at § 14(C).

32. Aramark was required to retain counsel to seek payment of the Unpaid Invoices from Carolina University, by which Aramark incurred additional costs.

33. Aramark has provided notice of the outstanding balance to Carolina University and has fulfilled all conditions precedent to filing the instant lawsuit.

34. As a result of the foregoing breaches of the Agreement by Carolina University, Aramark has sustained damages in the amount of no less than $2,292,882.09, plus interest, attorney's fees, costs, and expenses.

**<u>COUNT II</u>**
**Unjust Enrichment**
**(In The Alternative)**

35. Aramark incorporates all preceding allegations.

36. Aramark fully performed its obligations by providing Carolina University with dining services as contemplated by the Agreement.

37. Carolina University failed to perform its obligations by failing to remit payment to Aramark of the Unpaid Invoices' outstanding balance of no less than $2,292,882.09, plus attorney's fees and accruing interest.

38. As a direct and proximate result of Carolina University's failure to remit the unpaid balance due, Aramark has suffered and will continue to sustain damages, costs, and expenses.

39. Based upon the foregoing, Carolina University received the benefit of goods provided by Aramark as ordered by Carolina University without the return of full consideration to Aramark, and allowing Carolina University to continue to withhold the monies owed to Aramark would continue to unjustly enrich Carolina University.

**<u>COUNT III</u>**
**Accounts Stated**
**(In The Alternative)**

40. Aramark incorporates all preceding allegations.

41. Aramark and Carolina University had an ongoing business relationship pursuant to which Aramark provided meals to Carolina University for Carolina University to resell to its students, faculty, staff, and guests. Carolina University was to pay for those goods and services in accordance with the terms of the Agreement, and the various invoices and statements Aramark sent to Carolina University.

42. Aramark invoiced Carolina University for the goods and services it provided to Carolina University at Carolina University's request.

43. Carolina University received and accepted the invoices sent by Aramark, along with the goods and services Aramark rendered.

44. Carolina University never objected to the amounts set forth in Aramark's invoices, including the amounts in the Unpaid Invoices.

45. Despite repeated demand, Carolina University has failed to pay Aramark for the Unpaid Invoices.

46. As a direct and proximate result of Carolina University's failure to pay its accounts as stated, Aramark has been damaged in the amount of $2,292,882.09 plus attorney's fees and accruing interest.

**Prayer for Relief**

WHEREFORE, Aramark demands judgment in its favor and against Carolina University in the amount of no less than $2,292,882.09, plus continually accruing interest, reasonable attorney's fees, and expenses/costs pursuant to the Agreement, and such other and/or further relief as the Court deems just and proper.

Respectfully submitted:

Dated: November 10, 2026

*<u>/s/ Gregory R. Sellers</u>*

Jonathan S. Krause
Gregory R. Sellers
KLEHR HARRISON
HARVEY BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
tel: (215) 569-4496/400-2845

fax: (215) 568-6603
JKrause@klehr.com
GSellers@klehr.com

*Attorneys for Plaintiff*
*Aramark Educational Services, LLC*